UNITED STATES v. BIRDSEYE.

(Circuit Court of Appeals, Ninth Circuit.  May 1, 1905.)

No. 946.

PUBLIC LANDS—GRANT TO RAILROAD—SURVEY—CUTTING TIMBER.

The partial survey by the United States of a section of public land by running lines on two sides of it is insufficient to identify it as an odd-numbered section, within the grant to the Northern Pacific Railroad Company, so as to relieve one cutting timber thereon from liability to the United States.

In Error to the District Court of the United States for the District of Montana.

Carl Rasch, U. S. Atty.

W. F. Sanders, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

PER CURIAM.  The United States, as plaintiff, commenced an action against Mattie Birdseye, as executrix of the last will and testament of Charles G. Birdseye, deceased, to recover the sum of $3,655, the alleged value of 14,620 railroad ties manufactured from timber alleged to have been cut by the decedent from certain lands of the United States in the state of Montana. The complaint alleged that on December 1, 1900, and long prior thereto, the plaintiff in error was the owner and entitled to the possession of 14,620 railroad ties manufactured out of timber and logs cut from unsurveyed government lands, which lands, when they shall have been surveyed, will be within township 11 north, of range 9 west, Montana

meridian, and that said Charles G. Birdseye wrongfully and unlawfully took possession of the said ties and disposed of and converted the same to his own use and benefit, to the damage of the plaintiff in error in the sum of $3,655. The defendant in error, in her answer to the complaint, pleaded payment to and settlement with the United States for 700 of the ties cut and converted, and denied the ownership of the United States in the remainder thereof. The answer then proceeded to allege by way of affirmative defense that the defendant in error was not liable on account of said ties, for the reason that the same were cut from section 27 in said township, and that that section had been partially surveyed by the United States by lines run on two sides thereof; that said land is agricultural land, and within the place limits of the congressional land grant to the Northern Pacific Railway Company, and was and is the property of said corporation or its grantees; that the said railway company had taken possession of said land, and had sold the timber thereon, and at the time of the cutting thereof by said Charles G. Birdseye the said lands had come by mesne conveyances into the possession of the Big Blackfoot Milling Company, which company licensed the said Birdseye to enter upon said land and cut ties thereon; and that at the time of cutting said ties said land did not belong to the plaintiff in error. The plaintiff in error demurred to that portion of the answer which sets up said affirmative defense on the ground that the same does not state facts sufficient to constitute a defense to the complaint, or to any portion thereof. The court overruled the demurrer. The plaintiff in error declined to file a replication to the answer, and elected to stand upon the demurrer. The court thereupon dismissed the complaint. It is assigned as error that the court erred in overruling the demurrer and in dismissing said action.

On the authority of the decision of the Supreme Court of the United States in the case of the United States of America v. The Montana Lumber and Manufacturing Company et al. (decided in that court on February 20, 1905) 196 U. S. 573, 25 Sup. Ct. 367, 49 L. Ed. ——, the judgment of the District Court is reversed, and the cause is remanded, with instructions to sustain said demurrer, and for further proceedings in said cause.