(May 16, 1910.)

## WILLIAM BALDERSTON, Plaintiff, v. JAMES H. BRADY et al., Defendants.

[108 Pac. 742.]

ON MOTION TO MODIFY OPINION.

B. S. Crow, and Wyman & Wyman, for Plaintiff.

The federal courts have uniformly held that nothing less than an official survey by the federal government will serve to identify public land. It follows that, until this is done, the federal government retains the exclusive right of possession as well as a species of title—indeed, the custody, control and limited right of alienation is still in the federal government. until survey, despite the grant *in praesenti*. (*Hibberd v.. Slack*, 84 Fed. 571; *Minnesota v. Hitchcock*, 185 U. S. 370, 22 Sup. Ct. 650, 46 L. ed. 954; *South Dakota v. Riley*, 34 L. D. 657; *Heydenfeldt v. Daney etc. Co.*, 93 U. S. 634, 23 L. ed. 995; 13 Morr. Min. Rep. 204.)

The state has no power to sell or lease the unsurveyed sections 16 and 36. (*United States v. Montana L. & F. Co.*, 196. U. S. 573, 25 Sup. Ct. 367, 49 L. ed. 604; *Hibberd v. Slack,. supra; United States v. Birdseye*, 137 Fed. 516, 70 C. C. A. 100; *Clemmons v. Gillette*, 33 Mont. 321, 114 Am. St. 814,. 83 Pac. 879.)

D. C. McDougall, Attorney General, O. M. Van Duyn, and J. H. Peterson, Assistants for Defendants.

The grant of 1890 (Idaho Admission Bill) was a grant *in praesenti*. (*Schulenberg v. Harriman*, 21 Wall. 44, 22 L. ed. 551; *Leavenworth L. N. G. R. Co. v. United States*, 92 U. S.. 733, 23 L. ed. 634; *D. & R. G. R. Co. v. Alling*, 99 U. S. 733,. 25 L. ed. 438; *Mo. K. & T. R. Co. v. Kan. Pac. R. Co.*, 97 U. S. 491, 24 L. ed. 1095; *St. P. & P. R. Co. v. N. P. R. Co.*, 139. U. S. 1, 11 Sup. Ct. 389, 35 L. ed. 77; *Desert Salt Co. v. Tar—*

*pey,* 142 U. S. 241, 12 Sup. Ct. 158, 35 L. ed. 999; *Wisconsin Central R. Co. v. Price County,* 133 U. S. 196, 10 Sup. Ct. 341, 33 L. ed. 687; *Beecher v. Wetherby,* 95 U. S. 517, 24 L. ed. 440; *Cooper v. Roberts,* 18 How. 173, 15 L. ed. 338.)

Broader than the general rule announced in the foregoing cases, the following cases seem to hold more specifically that no grant as above set out acts as a grant *in praesenti* until the survey of the land has been made—that is, the complete title does not pass from the United States to the state until the survey has been made and the particular land identified. (*Heydenfeldt v. Daney Min. Co.,* 93 U. S. 634, 23 L. ed. 995, 13 Morr. Min. Rep. 204; *Minnesota v. Hitchcock,* 185 U. S. 370, 22 Sup. Ct. 650, 46 L. ed. 954; *United States v. Montana Lumber etc. Co.,* 196 U. S. 573, 25 Sup. Ct. 367, 49 L. ed. 604; *Kissell v. St. Louis Public Schools,* 18 How. 19, 15 L. ed. 324; *West v. Cochran,* 17 How. 403, 15 L. ed. 110; *Cooper v. Roberts,* 18 How. 173, 15 L. ed. 338; *United States v. Birdseye,* 137 Fed. 516, 70 C. C. A. 100; *Rogers etc. Works v. American Emigrant Co.,* 164 U. S. 559, 17 Sup. Ct. 188, 41 L. ed. 552; *Michigan etc. Co. v. Rust,* 168 U. S. 589, 18 Sup. Ct. 208, 42 L. ed. 591; *Clemmons v. Gillette,* 33 Mont. 321, 114 Am. St. 814, 83 Pac. 879; *Hibberd v. Slack,* 84 Fed. 571; *Higgins v. Houghton,* 25 Cal. 252, 13 Morr. Min. Rep. 195; *Papin v. Ryan,* 32 Mo. 21; *Bres v. Louviere,* 37 La. Ann. 736; *Sherman v. Buick,* 45 Cal. 656; *Middleton v. Low,* 30 Cal. 597; *South Dakota v. Riley,* 34 L. D. 657; *South Dakota v. Delicate,* 34 L. D. 717.)

AILSHIE, J.—A motion has been made in this case by the attorney general for a modification of that portion of the opinion which deals with the state's rights in sections 16 and 36 and of the powers of the land board with reference to such lands. It is said in support of this motion that the opinion of the court is cited in other litigations as authority for the contention that the state board of land commissioners has no power to apply for or take title to any lands in lieu of sections 16 and 36. In that respect the opinion certainly

needs no modification, for the simple and conclusive reason that the court has never so held.

The question the court was dealing with was not the power of the board to *acquire* title to lands for the use of the state, but rather the board's power of *disposition* of state lands. The state land board has undoubted power, under the constitution and statute (Const., sec. 8, art. 9, and sec. 1564, Rev. Codes), to acquire title to any and all lands which the general government may at any time give or grant to the state, and this is true whether the grant be general or special or in lieu of lands "lost" or "otherwise disposed of." And so the power and authority of the board, acting as the agent of the state, to acquire and take title to grants or gifts of land for the use of any of the institutions or instrumentalities of the state is beyond question or doubt. It is the power of the board to dispose of and convey away the lands of the state that has been guarded and hedged about by the people in the constitution itself.

It was said in the original opinion that the question of the state's title to sections 16 and 36 did not directly arise in the consideration of the demurrer, and that it was only treated in view of the fact that it would arise later in the consideration of another phase of the case. This question was raised and presented in the oral argument on the original hearing by counsel who appeared for the land board, and was in this manner urged upon the attention of the court. It now appears, however, that the case is to terminate, so far as this court is concerned, with our disposition of the present motion to modify the opinion. Counsel on both sides of the case now take the same position with reference to the state's title to these school sections. It follows, therefore, that what was said on the subject of the state's title to sections 16 and 36 would in the present status of the case amount to nothing more than dictum, and would determine or adjudicate nothing. Indeed, it was expressly recognized and stated in the original opinion that the construction of the grant of those lands is purely a federal question to be determined by the Interior Department, subject to review by the federal courts.

In view of what we previously said it is perhaps proper to add here that it is clear to us, and has been admitted by the learned counsel on both sides, that in order to reach the conclusion that the state took no title under the admission bill (sec. 5) to sections 16 and 36, as construed by Secretary Hitchcock in *South Dakota v. Delicate*, 34 L. D. 717, and *South Dakota v. Riley*, 34 L. D. 657, it is necessary to eliminate the word "unsurveyed," and give to it absolutely no meaning or significance whatever. Whether the state has title or not, and whatever the character of that title may be, still it is apparently within the power of the government to prevent the state taking possession or acquiring any substantial benefits therefrom by withholding the public survey and thereby depriving the state of the evidence and means of proof of the identity of those sections. (*United States v. Montana Lumber & Mfg. Co.*, 196 U. S. 573, 25 Sup. Ct. 367, 49 L. ed. 604; *United States v. Birdseye*, 137 Fed. 516, 70 C. C. A. 100.) The government seems to have reserved the implied power to control the public surveys and consequently the means of identification of the thing granted.

No case has been brought to our attention wherein the federal supreme court has passed on the identical provisions of a grant by Congress such as are contained in our admission bill as they refer to sections 16 and 36 "whether surveyed or unsurveyed." The tendency of the supreme court, as disclosed by its decisions, has been to hold, whenever possible, that the grants by Congress of the public domain are still subject to the control of the government until after the survey has been made and approved. Counsel have furnished us a list of the authorities they claim tend to support their contention, most of which deal with floating grants to railroad companies. Some of these cases, however, deal with grants to states in some form or other. The following are the cases cited: *Leavenworth L. N. & G. Co. v. United States*, 92 U. S. 733, 23 L. ed. 634; *Denver & R. G. R. Co. v. Alling*, 99 U. S. 463, 25 L. ed. 438; *Mo. K. & T. R. Co. v. Kan. Pac. R. Co.*, 97 U. S. 491, 24 L. ed. 1095; *St. P. & P. R. Co. v. N. P. Co.*, 139

U. S. 1, 11 Sup. Ct. 389, 35 L. ed. 77; *Deseret Salt Co. v. Tarpey,* 142 U. S. 241, 12 Sup. Ct. 158, 35 L. ed. 999; *Beecher v. Wetherby,* 95 U. S. 517, 24 L. ed. 440; *Minnesota v. Hitchcock,* 185 U. S. 373, 22 Sup. Ct. 650, 46 L. ed. 954; *Wisconsin v. Hitchcock,* 201 U. S. 202, 26 Sup. Ct. 498, 50 L. ed. 727; *Kissell v. St. Louis Public Schools,* 18 How. 19, 15 L. ed. 324; *West v. Cochran,* 17 How. 403, 15 L. ed. 110; *Cooper v. Roberts,* 18 How. 173, 15 L. ed. 338; *Rogers Locomotive M. Works v. American Emigrant Co.,* 164 U. S. 559, 17 Sup. Ct. 188, 41 L. ed. 552; *Michigan L. & L. Co. v. Rust,* 168 U. S. 589, 18 Sup. Ct. 208, 42 L. ed. 591; *Clemmons v. Gillette,* 33 Mont. 321, 114 Am. St. 814, 83 Pac. 879; *Hibberd v. Slack,* 84 Fed. 571; *State of South Dakota v. Riley,* 34 L. D. 657.

The question as to when a school section has been "lost," so far as the state is concerned, is one to be determined by the government in every case where the state makes application for lieu lands to reimburse such "loss." If the government, therefore, holds that an unsurveyed school section, included in a forest reserve, or one which has been settled upon prior to survey, is thereby "lost" to the state, it is then the unmistakable duty of the department to grant the state "lieu" land for such "loss" (U. S. Comp. Stats. 1901, p. 1483; Idaho Admission Bill, sec. 4), and the power of the board to take title to lands in "lieu" of such loss as a base is beyond doubt.

The attorney general has stated in open court that the board acting under authority of the opinion as previously announced has refused to release the lands in question and is proceeding to perfect the state's title thereto, and that the board does not wish to file an answer to the complaint. A formal writ will, therefore, not issue. It is the judgment and decree of the court, however, that the state board of land commissioners has no power or authority to relinquish the lands described in the complaint.

Sullivan, C. J., and Stewart, J., concur.